UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARCELINE ALEXANDER, ET AL.                          CIVIL ACTION

VERSUS                                               NO. 14-310

ACE AMERICAN INSURANCE COMPANY, ET AL.               SECTION "F" (3)

ORDER

On June 17, 2014, this Court granted as unopposed Defendants Time Warner, Inc. and Matt Callahan's Motion to Compel. [Doc. #37]. Now before the Court is Time Warner, Inc. and Matt Callahan's Motion for Attorneys' Fees Pursuant to the Court's June 17, 2014 Order. [Doc. #40]. Plaintiffs filed an extremely late opposition memorandum, one day before the submission date of the motion.[1]  For the following reasons, the Court grants in part the motion.

**I.     Background**

The background of this dispute is unnecessary to the resolution of this motion.

**II.    Law and Analysis**

    **A.     The Lodestar Approach**

Federal Rule of Civil Procedure 37 provides that

[i]f the motion [to compel] is granted . . . the court *must*, after giving an opportunity

---

[1] The Local Rules of this Court require that an opposition memorandum be filed eight days before the submission date of a motion.  E.D. La. Loc. R. 7.5.

> to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  Defendants propounded their discovery requests on plaintiffs on April 15, 2014.  Plaintiffs ultimately responded on June 19, 2014, two days after this Court granted defendants' motion to compel as unopposed.  Rule 37 requires this Court to award defendants attorneys' fees unless an exception exists under subsections (a)-(c).  Plaintiffs make no argument that an exception exists here, and this Court finds none.   Plaintiffs argue only that their conduct was not egregious enough to warrant an award of attorneys' fees.  But egregiousness is not required under the rule.  Accordingly, defendants are entitled to an award of attorneys' fees.

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.  *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000);  *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.  *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379.  The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."  *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the

"lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc*., 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1.     Reasonable Hourly Rates

Defendants seek $685.00 in attorneys' fees. Defendants seek $300.00/hour for member Andrea Mahady Price, an attorney with ten years experience, and $250.00/hour for Kimerly R. Silas, an attorney with four years of experience.

Having reviewed the most recent case law in this district, the Court finds that, notwithstanding counsels' ability, competence, experience and skill, the hourly rates require an adjustment.[2] The majority of the courts in this district sanction lower rates, and this Court is reticent to set new precedent in this area. *See, e.g., Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013) (approving $250/hour for attorney with 24 years experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (reducing hourly rates from $300/hour to $275/hour for attorney with 34 years experience and from $300/hour to $250/hour for attorney with 29 years experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (reducing hourly rates from $450/hour to $350/hour for attorney with 30 years experience and

---

[2] Plaintiffs argue that defendants have not met their burden of proving that their counsels' rates are reasonable. Defendants filed an affidavit noting the similar rates in this district. Moreover, as outlined *infra*, this Court is extremely familiar with this area of the law in this district.

from $300/hour to $275/hour for attorney with eight years experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years experience); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates, and $75/hour for paralegals); *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (Roby, M.J.) (sanctioning $175/hour for associate with five years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL 4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate with four years experience). Given this precedent, the Court finds that hourly rates of $250.00/hour for Price and $200.00/hour for Silas are reasonable. The Court recognizes that these hourly rates are at the higher end of the spectrum in this district. However, the Court also recognizes that defendants would not have had to file this motion, thereby incurring the use of judicial resources, had plaintiffs responded timely to the discovery requests.

### 2.    Reasonable Hours Expended

The Court must next determine whether the number of hours that defense counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised

4

billing judgment." *Id.* at 770.  When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statement submitted on behalf of defendants' counsel and finds the hours expended by counsel to be reasonable.  The billing statement reflects that defense counsel corresponded with counsel for plaintiffs concerning the dilatory responses and drafted the motion and the accompanying memorandum.  Although plaintiffs fail to challenge whether defense counsel exercised their "billing judgment," the Court's review of the billing statement satisfies it that counsel did so.  Accordingly, the Court finds that ACL's counsel is entitled to an attorney fee award of $510.00.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Time Warner, Inc. and Matt Callahan's Motion for Attorneys' Fees Pursuant to the Court's June 17, 2014 Order [Doc. #40] is GRANTED IN PART in that defendants are entitled to an award of $510.00 in attorneys' fees.

New Orleans, Louisiana, this 19th day of August, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**